UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT BABUR BASAT, #472479,

                Petitioner,

                                      CASE NO. 2:08-CV-13743
v.                              HONORABLE DENISE PAGE HOOD

THOMAS BELL,

                Respondent.
_____/

## ORDER DENYING PETITIONER'S RULE 60(D) MOTION

      Petitioner has filed a pro se motion pursuant to Federal Rules of Civil

Procedure 60(d) challenging the Court's denial of his federal habeas petition in

2010.  The United States Court of Appeals for the Sixth Circuit denied a certificate

of appealability.  *Basat v. Bell*, No. 11-1607 (6th Cir. 2011).  The United States

Supreme Court denied certiorari.  *Basat v. Bell*, _U.S. _, 133 S. Ct. 169 (2012).

      In his motion, Petitioner continues to contest the Court's decision and seeks

relief under Federal Rule of Civil Procedure 60(d).  That rule provides:

      Other Powers to Grant Relief.  This rule does not limit a court's
      power to:

      (1) entertain an independent action to relieve a party from a judgment,
      order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). An independent action under Rule 60(d) is an equitable action, which has no time limitation. *Mitchell v. Rees*, 651 F.3d 593, 594–95 (6th Cir. 2011). Its elements are:

(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id.* at 595 (citing *Barrett v. Secretary of Health & Human Svs.*, 840 F.2d 1259, 1263 (6th Cir. 1987)). An independent action under Rule 60(d) is available to prevent "a grave miscarriage of justice." *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998), and citing cases). This is a "'stringent' and 'demanding' standard," and, because Petitioner seeks relief from judgment in a habeas case, he must make a strong showing of actual innocence to establish that relief is required. *Id.* at 595–96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998), and *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Petitioner makes no such showing. Rather, he re-argues issues previously addressed by the Court and/or raises issues which could have been presented in his

initial habeas proceeding.  Moreover, the Court independently reviewed the state

court record and the state court rulings.  There was no fraud upon the Court.

Petitioner's allegations do not warrant the extraordinary remedy he seeks in this

action.  He fails to demonstrate that the Court erred in denying his habeas petition,

that he is actually innocent, or that he is otherwise entitled to relief under Federal

Rule of Civil Procedure 60(d).  Accordingly, the Court **DENIES** his motion.

　　　Before Petitioner may appeal this ruling, a certificate of appealability must

issue.  A certificate of appealability may issue only if he makes "a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a

court denies relief on the merits, the substantial showing threshold is met if the

petitioner demonstrates that reasonable jurists would find the court's assessment

of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

When a court denies relief on procedural grounds, a certificate of appealability

should issue if it is shown that jurists of reason would find it debatable whether

the petitioner states a valid claim of the denial of a constitutional right, and that

jurists of reason would find it debatable whether the court was correct in its

procedural ruling.  *Id*.

　　　With *Slack v. McDaniel* in mind, judges within this district have adopted the

following standard for determining whether a certificate of appealability should

issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of
> reason would find it debatable whether the district court abused its
> discretion in denying the Rule 60(b) motion, and (2) jurists of reason
> would find it debatable whether the underlying habeas petition, in
> light of the grounds alleged to support the 60(b) motion, states a valid
> claim of the denial of a constitutional right.

*Missouri v. Birkett*, No. 2:08–CV–11660, 2012 WL 882727, *2-3 (E.D. Mich.

March 15, 2012); *Carr v. Warren*, No. 05–CV–73763, 2010 WL 2868421, *2

(E.D. Mich. July 21, 2010) (both citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d

Cir. 2001)).  Having considered the matter, the Court concludes that Petitioner

fails to establish that jurists of reason would find it debatable that the Court

abused its discretion in denying his motion.  Accordingly, the Court **DENIES** a

certificate of appealability.  This case remains closed.

> **IT IS ORDERED**.

> S/Denise Page Hood
> Denise Page Hood
> United States District Judge

Dated:  October 7, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of
record on October 7, 2015, by electronic and/or ordinary mail.

> S/LaShawn R. Saulsberry
> Case Manager

4